UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JULIO A. VASQUEZ,                    :
        Plaintiff,             :
                                     :
   v.                                :       CA 10-214 S
                                     :
NANCY BAILEY,[1] et al.,              :
        Defendants.            :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    Before the Court are two motions filed by Plaintiff Julio A. Vasquez ("Plaintiff" or "Vasquez"):

    1.   Motion for Preliminary Injunction and a Temporary Restraining Order (Docket ("Dkt.") #14) ("First Motion"), and

    2.   Second Motion for Preliminary Injunction and a Temporary Restraining Order[2] (Dkt. #22) ("Second Motion") (collectively the "Motions").

    The Motions have recently been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C.

---

[1] Defendant Nancy Bailey has been terminated from this action. See Order (Docket ("Dkt.") #7) ("Order of 7/13/10") (adopting Report and Recommendation (Dkt. #6) and dismissing Defendants Nancy Bailey, James Weeden, Joseph DiNitto, Nurse Dick, Nurse Dale Fogarty, and C.O. Douglas from case). However, the name of the case does not change simply because a defendant has been dismissed. Hence, the Court identifies the case as it was originally docketed.

[2] Plaintiff titled this motion "2-Motion for Preliminary Injunction and a Temporary Restraining Order." For clarity, the Court identifies the motion as Second Motion for Preliminary Injunction and a Temporary Restraining Order ("Second Motion").

§ 636(b)(1)(B).  See Seldon v. Lehman Bros., Inc., No. 09-13162, 2010 WL 2351492, at *1 (E.D. Mich. May 20, 2010)("Pursuant to 28 U.S.C. § 636(b)(1), a magistrate judge may only issue a report and recommendation regarding a request for injunctive relief."); see also Guan Zhao Lin v. Holder, No. 10 Civ. 4316(RMB)(JLC), 2010 WL 2836144, at *1 n.1 (S.D.N.Y. July 2, 2010)("A magistrate judge does not have authority to grant or deny injunctive relief, absent the parties' consent under § 636(c).").  A hearing is not required. After reviewing the record and researching the applicable law, I recommend that the Motions be denied.

**Discussion**

**I.  First Motion**

Plaintiff filed the First Motion on December 1, 2010, alleging that an emergency situation existed and that his life was in danger.  See First Motion at 1.  He further alleged that he was being terrorized, id. at 2, and asked that the Court grant a temporary restraining order ("T.R.O.") because he faced "daily sexual molestings by prison officers that touch, grab and fondle Plaintiff on his private areas of his physical body," id. at 1. None of the "defendants," id. at 2, allegedly committing the acts of terror and molestation are identified in the First Motion other than William Galligan, and his name appears only in the caption,

see id. at 1.  In an attachment to the First Motion,[3] Plaintiff identifies twenty prison officers, although he does not differentiate between those who are allegedly terrorizing him and those who are allegedly sexually molesting him.[4]  See First Motion, Att. 1.  The twenty officers are: "Manning, Trinadad, Buanaka, North, Dennatte, Simpson, Leduc, Allard, Gregoire, Daniels, Klaus, Rivas, Casavant, Basilier, Blaine, Pezar, Lieutenants Galligan & Sayles, Douglas, Captain Headen."[5]  First Motion, Att. 1 at 1.  Of the twenty officers, it appears that only seven, Manning, Trinadad,[6] North, Dennatte, Simpson, Leduc, and Galligan, are Defendants in this action.[7]  See Order (Dkt. #7) ("Order of 7/13/10") (adopting Report and Recommendation (Dkt. #6) of 6/16/10 and dismissing all defendants except these seven and Billy Bagones and "C.O. Duarte").  In the First Motion, Att. 1, Plaintiff

---

[3] The attachment is entitled "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order."  The Court identifies this document as Attachment ("Att.") 1 to the First Motion and cites it as "First Motion, Att. 1."

[4] While possible, it seems improbable that all twenty officers would be sexually molesting Plaintiff.

[5] The spelling of these names may be incorrect as the First Motion is handwritten and the letters of some names are difficult to read.

[6] The Court uses Plaintiff's spellings of the last names of these Defendants even though in some instances the spelling differs from that appearing in the Order of 7/13/10.

[7] Plaintiff has filed two motions for leave to file an amended complaint adding defendants and claims.  See Motion for Leave to File an Amended Complaint (Dkt. #11); Second Motion for Leave to File an Amended Complaint (Dkt. #17).  These motions are being granted by a separate order issued with this Report and Recommendation.  See Order Granting Motions to File Amended Complaint (Dkt. #23).

3

indicates that he seeks a preliminary injunction requiring "the defendants[,] their successors in office, agents and employees and all other persons acting in concert ... with them ...," First Motion, Att. 1 at 1-2, to:

> (1) stop the day to day patterns of prison officers, harassments, terrorizing and brutality, threats of death, to be an informant against a fellow inmate that was sexually molested by a prison officer for prison officials .... (2) stop the continued illegal acts of prison officials, tampering with his food trays[,] opening up legal mail prior to being given to inmate out of his presence, destroying inmate property, trashing inmate['] s cell and leaving it in disarray. (3) stop prison officials from trying to provoke inmate into becoming unmanageable for actions forced on inmate by his current custodians.

First Motion, Att. 1 at 2. With respect to the T.R.O., Plaintiff asks that the Court order that "the defendants ... permanently stay away from Plaintiff and that Plaintiff be sent out of state permanently away from this life threatening situation." Id., Att. 1 at 4.

## II. Second Motion

Plaintiff filed the Second Motion on April 13, 2011, again alleging an "emergency situation that has in danger Plaintiff for his or her life." Second Motion at 1. Plaintiff asks that the Court grant a T.R.O. because he "faces daily sexual molesting by prisoner officers that touch, grab and fondle Plaintiff on his private areas of his physical body." Id. He asserts that he has

4

been dealing with "retaliation of terrorizing him in his[8] and unwanted sexual touching of his body by prisoner officers." Second Motion at 1. The only defendants identified in the Second Motion are the six whose names appear in the caption: "Lt. William Galligan, P.O. Allard, P.O. Warden, P.O. Blain, C.T. Headen, Associate Director Warden, Doctor Fine."[9] Id. Of these seven, only Galligan is a Defendant in this action.[10]

**III. Service**

Plaintiff alleges in the First Motion that he has served the defendants. See First Motion at 3 (certifying that "a copy of the foregoing order to show cause for a preliminary injunction and motion for a temporary restraining order were served upon the defendants, respondent and this was done through in house prison mail" on 11/24/10); id., Att. 1 at 6[11] (Certificate of Service). The Second Motion lacks a certificate of service, although Plaintiff states "that his custodians has [sic] been made aware

---

[8] It appears that the word following "his" in this quotation has been omitted. Based on other statements made by Plaintiff in his filings, the omitted word may be "cell." If so, the phrase would read "terrorizing him in his cell ...." Second Motion at 1.

[9] It is unclear whether "Associate Director Warden" is a separate individual or a title pertaining to either "C.T. Headen" or "Doctor Fine." Second Motion at 1. The Court assumes that it is the latter. However, this assumption does not affect the resolution of the instant Motions.

[10] See n.7.

[11] Plaintiff has numbered this page "3-F." First Motion, Att. 1 at 6 (Certificate of Service).

5

Plaintiff notified Defendants. His 2-Motion to this Court for a preliminary injunction and temporary restraining order against them." Second Motion at 1. Interpreting this statement generously, Plaintiff appears to be stating that he notified the defendants of the Second Motion.

## IV. Jurisdiction

Although Plaintiff may have served the defendants with copies of the First Motion and notified them of the Second Motion, at the present time the only "Defendants" in this action are those who were not dismissed by the Order of 7/13/10, namely: "Billy Bagones, Lt. William Galligan, C.O. LeDuc, C.O. Trindade, C.O. Manning, C.O. Duarte, C.O. Dennatte, C.O. Simpson, and C.O. North," Order of 7/13/10. None of these Defendants have been served. See Dkt. Therefore, the Court lacks jurisdiction to issue either a T.R.O. or an injunction against any of them. See Nat'l Spiritual Assembly of Bahá'ís of U.S. under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of Bahá'ís of U.S., 628 F.3d 837, 853 (7th Cir. 2010)("In Zenith Radio the Supreme Court reiterated the general rule that a court may not issue an injunction against a person over which the court had not acquired jurisdiction by service of process.")(citing Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110-12, 89 S.Ct. 1562 (1969)); Ayers v. Williams, No. CO7-5540RBL, 2008 WL 1805730, at *1 (W.D. Wash. Apr. 21, 2008)(denying prisoner's motion for preliminary injunction because

6

"[t]he court does not have in personam jurisdiction over any defendant in this action as the action has not been properly served"); see also United Electrical, Radio & Machine Workers of America v. 163 Pleasant Street Corp., 960 F.2d 1080, 1085 (1st Cir. 1992)("a federal court cannot acquire personal jurisdiction over a defendant unless the defendant is properly served with process"); cf. Farm Credit Bank of Baltimore v. Ferrera-Goitia, 316 F.3d 62, 68 (1st Cir. 2003)("[i]n the ordinary course, the district court acquires jurisdiction over a defendant only by service of process")(alteration in original).

The additional defendants identified in the instant Motions (and attachments) are presently non-parties. Thus, the Court lacks jurisdiction over them. See R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 957 (4th Cir. 1999)("Injunctive relief, by its very nature, can only be granted in an *in personam*[12] action commenced by one party against another in accordance with established process. Consequently, a party cannot obtain injunctive relief against another without first obtaining *in personam* jurisdiction over that person ...."); id. at 958 ("[T]he court must obtain *in*

---

[12] An action in personam is:

a proceeding to enforce personal rights and obligations brought against the person and based on jurisdiction of the person, although it may involve his right to, or the exercise of ownership of, specific property, or seek to compel him to control or dispose of it in accordance with the mandate of the court.

Brooks v. United States, 833 F.2d 1136, 1143 (4th Cir. 1987).

*personam* jurisdiction over the third party through the service of process."); id. (holding that district court did not have in personam jurisdiction over nonparty which had not been served with process and that "the injunction against [the nonparty] must be vacated for lack of personal jurisdiction"); see also Northern Light Technology, Inc. v. Northern Lights Club, 236 F.3d 57, 58 (1st Cir. 2001)(finding that "the district court properly acquired jurisdiction over defendants when their agent was served with process within the forum state").

The fact that Plaintiff may have given notice of the Motions to seven of the Defendants identified in the Order of 7/13/10 and to all of the nonparty defendants identified in the Motions (and attachments) does not alter the fact that the Court still lacks jurisdiction over all of these individuals and may not grant either a T.R.O. or a preliminary injunction against them. See Printed Media Services, Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993)(stating that "federal court lacks jurisdiction over improperly served defendant despite any actual notice of the lawsuit that the defendant may have"); see also Farm Credit Bank of Baltimore, 316 F.3d at 68 (noting that district court generally acquires jurisdiction over a defendant by service of process); R.M.S. Titanic, Inc., 171 F.3d at 958 (finding that district court had no jurisdiction over nonparty which had not been served with process even though there was "no dispute that [the nonparty] had

actual notice of [plaintiff]'s motion for an injunction"); Broughton v. Chrysler Corp., 144 F.R.D. 23, 26 (W.D.N.Y. 1992)("[N]otice of suit received by means other than those authorized by statute or rule cannot serve to bring a defendant within the jurisdiction of the court."); id. ("That a defendant received actual notice of a pending suit does not cure a service defect."); id. ("Actual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service.").

Accordingly, the Motions should be denied without reaching their merits because the Court lacks jurisdiction over the persons against whom Plaintiff seeks the issuance of a T.R.O. and preliminary injunction. See Ayers, 2008 WL 1805730, at *4 (finding in similar circumstances that prisoner's motion for preliminary injunction should be denied without reaching merits); id. ("[The] [p]laintiff has failed to serve any defendant. The court does not have *in personam* jurisdiction over anyone except the plaintiff. Thus, there is no entity currently before the court against whom an injunction could be entered."). I recommend that the denial be without prejudice. See id.

## Conclusion

For the reasons stated above, I recommend that the Motions be

9

DENIED without prejudice.[13]  Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

*/s/ David L. Martin*
DAVID L. MARTIN
United States Magistrate Judge
May 13, 2011

---

[13] Although the Court presently lacks jurisdiction over the defendants, in view of the nature of Plaintiff's allegations, a copy of this Report and Recommendation is being sent to the Director of the Rhode Island Department of Corrections and to the Department's Deputy Chief Legal Counsel.  An accompanying cover letter addressed to the Director explains that the Court deems it advisable that he be made aware of Plaintiff's allegations.  Of course, this letter, as explained in Section IV of this Report and Recommendation, does not constitute service on defendants.